[No. 1856.]

MATHESON v. KUHN.

1. PRACTICE—INSTRUCTIONS—DRIVING STOCK FROM RANGE.
In an action for damage for wrongfully driving stock from its range, where the complaint was framed upon the theory of a common-law liability and did not purport to state a case under the statute, an instruction that submitted the case to the jury as if based upon the statute and authorized a recovery under section 3183, General Statutes, was fatally erroneous.

2. SAME—STATUTORY CONSTRUCTION.
Section 3183, General Statutes, making it a penalty as for larceny for a drover to drive stock from its accustomed range without the consent of the owner, and making such offender liable in damage for such stock, applies only to drovers and not to owners and occupants of land in the vicinity of the range from which the stock is alleged to have been driven.

*Appeal from the District Court of Elbert County.*

Messrs. Crowell & McParlin and Messrs. Wells & Taylor, for appellant.

Thomson, J.

The appellee complained that his stock had been wrongfully driven from his range by the appellant, and that in consequence of the appellant's unlawful act, many of his cattle and horses were lost. He sought compensation for his alleged damage. The answer was a denial. The cause was tried by a jury, who, after listening to the evidence, gave the plaintiff a verdict, and from the judgment which followed, the defendant appeals.

The court instructed the jury as follows:

"The statute prescribed, among other things, that when stock of any person in Colorado shall be driven off its range without the owner's consent, by the drover of any herd or drove, every person engaged as drover of such stock or otherwise engaged in the care and management thereof shall be liable for damages for each head so driven off, together with all costs accruing in the trial of said cause.

"Upon that point the court instructs you that if you find from the evidence that the defendant did so willfully drive the cattle of the plaintiff off from their regular range, then your verdict should be for the plaintiff, and you may award him damages in such sum as you may find him entitled to under the proof, this to be determined by the value per head of the stock so driven off, the value and number of stock to be determined by you from the evidence in the case."

It is evident that in so instructing, the court was of the opinion that the action was statutory, and was controlled by section 3183 of the General Statutes. That section reads as follows: "When the stock of any person in Colorado shall be driven off its range without the owner's consent, by the drover of any herd or drove, every person engaged as drover of such stock, or otherwise engaged in the care and management thereof, shall be liable to indictment and punishment as

for larceny, and shall be liable for damages to the amount of two hundred (200) dollars for each head so driven off, together with all costs accruing in the trial of said cause, and said herd of stock, or a sufficient number to cover all damages and costs, shall be held liable for the same." The complaint did not purport to state a case under the statute. It was framed upon the theory of a common-law liability. And it is clear from the evidence that the defendant was not a drover. He was the occupant and proprietor of land in the vicinity of the land of the plaintiff, and was the plaintiff's neighbor, and if he did what was charged against him, he was a trespasser; but he incurred no liability under the statute. Those instructions were fatally erroneous. The defendant did not belong to the class against whom it was the purpose of the statute to safeguard local owners of stock. The statute therefore had no relevancy to the case, and the instructions supposed a false state of facts. They did not submit the case made by the pleadings or shown by the evidence. The verdict was returned in response to those instructions, and should not be suffered to stand.

The judgment is reversed.

*Reversed.*